No. 4961.

## IN RE THOMAS J. MORAN, PRAYING FOR A WRIT, ETC.

J. Zach. Spearing attorney.

L. DePoorter for appellant.

E. C. Kelly, Jas. Wilkinson, Dinkelspiel, Hart & Davey for appellee.

GODCHAUX, J.—Moran, a purchaser at a tax sale, having sued out a writ of possession, was met by an injunction on behalf of A. G. Guitterrez and others, as owners, who averred that the property claimed by Moran had been dually assessed, and that they had paid, prior to the tax sale to him, the very taxes for which the property was sold to Moran. This case has been before this Court on several prior occasions and finally resulted in a decree maintaining and perpetuating the injunction.

**In Re Moran, 1 Ct. of App. 18, 118; 5 Ct. of App. 321.**

After this final judgment had been rendered, Moran, in the same proceedings, took a rule to secure, under au-

thority of Article 233 of the Constitution, reimbursement for the purchase price, taxes, costs, etc., disbursed by him at the tax sale, his claim being that this tax sale, by the effect of the prior judgments, had been annulled on grounds other than dual assessment or previous payment of taxes. In the lower court his claim was dismissed, and he prosecutes the present appeal.

Under the terms of the constitutional provision, it is clear that in order to secure this reimbursement, it must be shown not only that the tax sale was annulled, but that this annullment was not upon the grounds of dual assessment or previous payment of taxes. Counsel for Moran take the erroneous position that because Moran's claim for possession or ownership was rejected it necessarily follows that the tax sale upon which he founds this title was annulled. One thing, at least is clear from the previously reported decisions in this proceeding, and that is, that one of the grounds upon which the ownership and rights of possession of the property was decreed in favor of Guitterrez and others and against Moran, was that the former had by their occupancy of the property for ten years in good faith and under a title translative of property prescribed against Moran's title. The effect of the maintenance of the plea of prescription was neither to annul nor to uphold the tax sale at which Moran acquired, but simply to decree that whether the tax sale be void or valid, the adverse claimants had acquired through prescription a paramount right of ownership and possession.

However this may be, it is likewise clear that the injunction in favor of Guitterrez and others maintained, not only the gound of prescription, but because the Court found, as a fact, that the property in question had been dually assessed and that plaintiffs in injunction had paid the very taxes upon it for which it was sold at the tax sale at which Moran purchased. The original opinion reported in **1 Ct. of App. 18**, finds these facts specifically.

— 352 —

The remand of the case on rehearing, as reported in **1 Ct. of App. 118**, was restricted to the purpose of securing additional information, and did not have the effect of withdrawing the former opinion or setting aside the conclusions therein reached.

Moreover, when the case again reached this court, after the remand, **5 Ct. of App. 321**, the Court recalled that the case had been remanded for a restricted purpose "without disturbing the views expressed by us in our original opinion." And, finally, the final decree itself, although primarily based upon the maintenance of the plea of prescription, was not restricted to that ground, for the decree reads that the judgment is affirmed "for the reasons originally assigned by us, as well as those above stated."

It is consequently clear that Moran is not entitled to reimbursement for the reason that his tax title, if annulled at all, was annulled because of dual assessment and the prior payment of taxes; and accordingly, for the reasons assigned, the judgment appealed from is reversed, and Moran's rule is dismissed at his costs in both courts.

Judgment reversed.

April 4, 1910.

Rehearing refused April 18, 1910.

Writ denied by Supreme Court May 24, 1910.